Affirmed and Memorandum Opinion filed June 21, 2007








Affirmed and Memorandum Opinion filed June 21, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00755-CR

____________

 

EDDIE PEREZ, JR., Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 232nd
District Court

Harris County, Texas

Trial Court Cause No. 1059953

 



 

M E M O R A N D U M    O P I N I O N








Appellant, Eddie Perez, Jr., pleaded guilty to aggravated
robbery without an agreed recommendation as to punishment.  After a
pre-sentence investigation, the trial court held a hearing and determined
punishment.  Although the State requested a punishment of at least thirty years= confinement, the
trial court assessed punishment at twenty-five years= confinement in
the Texas Department of Corrections, Institutional Division.  Appellant claims
that we must reverse and remand because the State referred to appellant=s post-arrest
silence in its closing argument.  We affirm.

The following
exchange occurred at the end of the State=s closing
argument:

[The State]:  He never cooperated with the police,
never gave any information.

[Appellant]:   Your Honor, we=re going to object to that.  The
Defendant has testified that he was advised he had the right to have his
attorney present and not to make any statements against him.  Those are his
constitutional rights and the State does not have any right to hold the
Constitution against the Defendant.  He has a right not to apologize for
asserting a Constitutional right.

The Court:    Sustained.

[The State]:  This
is a punishment hearing Judge and he=s trying to
mitigate any responsibility for his client.  My point in addressing that notion
is that this isn=t a situation where his client did an
immediate call soon as he was caught.  In fact he=s trying to avoid
responsibility up to this point and now minimizing his role in what happened.

Clearly, the trial court agreed with appellant that the
State=s remarks were
inappropriate and, therefore, sustained the objection.  The State continued and
ultimately requested that appellant receive Anothing less than
30 years in the penitentiary.@  However, the trial court assessed
punishment at twenty-five years= imprisonment.  Yet, in spite of the
favorable ruling on his objection, and imposition of less punishment than the
State requested,  he now contends the trial court improperly punished him for
his post-arrest silence.








The State contends appellant either waived his issue by not
pursuing it to an adverse ruling, or alternatively, that there is nothing to
review because appellant received all the relief he requested.  The State
further argues that even if there were error to review, it was harmless.  We
hold that there is no error to review because appellant received all the relief
he requested.  See Purtell v. State, 761 S.W.2d 360, 372 (Tex. Crim.
App. 1988).  Indeed, we are at a loss to determine what further relief
appellant could have sought or received in this hearing to the bench.  We
overrule appellant=s issue and affirm the judgment below.

 

 

_____________________________

J. Harvey Hudson

Justice

 

 

 

 

 

 

 

 

 

Judgment rendered
and Memorandum Opinion filed June 21, 2007.

Panel consists of
Justices Yates, Anderson, and Hudson.

Do Not Publish C Tex. R. App. P. 47.2(b).